# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALBERT J. PRICE,

        Petitioner,

        v.                                  Case No. 03-C-849

MICHAEL THURMER, WARDEN,

        Respondent.

## ORDER DENYING MOTION TO CONDUCT DISCOVERY

The present petition was remanded to this court by the Seventh Circuit Court of Appeals with instructions that the court hold an evidentiary hearing regarding Albert J. Price's ("Price") claim that he was denied the effective assistance of counsel at trial. An evidentiary hearing regarding Price's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is scheduled for December 8th and 9th before this court. In preparation for this hearing, Price seeks leave to depose four fact witnesses who made statements to the police regarding Price's conduct relating to the date of the incident that led to the conviction he challenges here.

In accordance with Rule 6 of the Rules Governing Section 2254 Cases, leave of the court is required to conduct discovery in § 2254 cases. The parties have previously stipulated to deposing Price's trial attorney and certain experts; therefore, the court granted the parties leave to conduct this discovery. However, the respondent contests the

need to depose the four fact witnesses. The pleadings on the petitioner's motion for leave to conduct discovery are closed and the matter is ready for resolution.

Price alleges that the four factual witnesses can testify to the behavior of the defendant on the day of the offense for which he was convicted. It is the contention of the petitioner that the witnesses and police reports could be strong evidence regarding the petitioner's mental state on the day of the incident. Petitioner further asserts issues regarding his trial attorney's failure to investigate witness accounts of petitioner's behavior on the day of his arrest, which could only be answered by deposing the fact witnesses. Petitioner contends that he should be allowed to fully develop the facts underlying the ineffective assistance of counsel claims.

Respondent contends that petitioner has not shown good cause to conduct discovery under Rule 6(a) because he has not established that the discovery he seeks is relevant to the claim on which the Seventh Circuit ordered an evidentiary hearing. Respondent states that the Seventh Circuit decision first held that the trial attorney failed to adequately litigate Price's competency to stand trial. Second, the Seventh Circuit held the trial attorney was ineffective for failing to give the court's expert police reports concerning the traffic accident and melee that ensued, and specifically reports concerning the observed behavior of the defendant. Price v. Thurmer, 514 F.3d 729, 732 (7th Cir. 2008). Additionally, respondent argues that the discovery request lacks the required specificity because it does not name any individuals, state the information they provide or explain how their testimony would demonstrate how he is entitled to relief.

Discovery in § 2254 cases is governed by Rule 6 of the Rules Governing Section 2254 Cases. The rule states, "a judge may, for good cause authorize a party to conduct

discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause shall be found "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Harris v. Nelson, 394 U.S. 286, 300 (1969), see also Bracy v. Gramley, 520 U.S 899, 908-09 (1997). The habeas petitioner, unlike the typical civil litigant in federal court, is not entitled to discovery as a matter of ordinary course and the discovery provisions of the Federal Rules of Civil Procedure do not apply. Bracy, 520 U.S. at 904.

Before addressing whether the petitioner is entitled to depose the four factual witnesses under Rule 6, the court must first identify the "essential elements" of the claim. See United States v. Armstrong, 517 U.S. 456, 468 (1996). The Seventh Circuit Court of Appeals held in this case that remand was warranted for a hearing on the reasonableness of the state appellate court's evaluation of ineffective assistance of counsel claims. The court was concerned about trial counsel's handling of the insanity aspect of the case and whether counsel's conduct was prejudicial to the defendant. It was determined that an evidentiary hearing is necessary to make appropriate finding as to "whether Price's defense was prejudiced by the mistakes committed by his lawyer with regard to insanity." Price, 514 F. 3d at 733. Specifically, the court felt it was necessary to hold an evidentiary hearing to determine whether Dr. Drom, the trial court's expert witness, would have altered his testimony had additional reports been provided by trial counsel. The second specific concern of the Seventh Circuit was trial counsel's failure to adequately litigate Price's competency to stand trial.

By remanding the case, the Seventh Circuit Court of Appeals is seeking to fill in specific gaps in the record, which could shed light on the reasonableness of the state appellate court's evaluation of the ineffective counsel claims. First, information is needed to determine whether Dr. Drom's testimony would have been altered had he been provided the additional police records. Second, information is also needed regarding the decision to not litigate defendant's competency in a hearing. The remand does not afford petitioner a complete challenge to trial counsel's presentation of the insanity defense or trial counsel's failure to follow up on witness statements. The four factual witness that petitioner is seeking to depose would not offer any insight into the possible testimony of Dr. Drom. The factual witnesses do not alter or provide context to the police reports and the impact they would or would not have had on Dr. Drom's testimony. Further, the factual witnesses would not provide any insight into the decision of trial counsel to not conduct a competency hearing.

Petitioner satisfies the good cause requirement if he can show that the facts, if fully developed, will entitle him to relief. Harris, 394 U.S. at 300. The question before this court is whether it was unreasonable and prejudicial to Price for his counsel not to provide police reports to an expert witness and failing to seek a competency hearing. The four factual witnesses the petitioner is seeking to depose may shed light on Price's behavior the day of the incident, but cannot address the factual issues the Seventh Circuit is seeking to be added to the record through an evidentiary hearing. The recollections of these witnesses are already contained in police reports. Thus, this evidence is not relevant to the question before the court. Eyewitness testimony would not offer additional insight into trial counsel's decision to not seek a competency hearing or to not provide the expert

4

witness with police reports. The operative fact is that the decision of trial counsel was made with the knowledge of police reports and witness statements that were available at the time. Any additional testimony will not provide insight into the attorney's decision-making process or whether the expert witnesses would have changed his testimony. The purpose the evidentiary hearing is not to discover additional information that may or may not shed light on the mental state of Price during the incident.

**IT IS THEREFORE ORDERED** that Price's motion to conduct discovery of fact witnesses, (Docket No. 50), is **denied**.

Dated at Milwaukee, Wisconsin this 15th day of August 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge